UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL PALMER,

                Plaintiff,

v.

STATE OF WASHINGTON, et al.,

                Defendants.

CASE NO. 3:18-cv-05262-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: August 10, 2018

      The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Pending before the Court is Plaintiff Michael Palmer's Motion for Order to Transfer and Access Files ("Motion") (Dkt. 17). The Court finds Plaintiff's Motion premature and so recommends it be denied.

      Plaintiff filed this action when he was a pretrial detainee housed in the Grays Harbor County Jail ("Jail"). Dkt. 1. Plaintiff has now been convicted and believes he will be sentenced and subsequently transferred to the custody of the Department of Corrections ("DOC") on or about August 6, 2018. Dkt. 17, p. 2. Plaintiff asks the Court to order the Jail and the DOC to ensure Plaintiff's legal documents, as well as relevant legal reference materials, are transferred

1 | with him when he is transferred between facilities. Dkt. 17. He also requests that the Court order
2 | the DOC to ensure he receives adequate disability accommodations. *Id*. The Court interprets this
3 | as a Motion for Preliminary Injunction.

4 | As a preliminary matter, in order to act, the Court must have before it an actual case or
5 | controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll.*
6 | *V. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); *Jones v. City*
7 | *of Los Angeles*, 444 F.3d 1118, 1126 (9th Cir. 2006). The purpose of preliminary injunctive relief
8 | is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying
9 | claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A
10 | federal court may issue an injunction if it has personal jurisdiction over the parties and subject
11 | matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not*
12 | *before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir.
13 | 1985) (emphasis added).

14 | Here, Plaintiff has filed an initial Complaint (Dkt. 1), a second Complaint (Dkt. 10), and
15 | the Court has granted him leave to proceed *in forma pauperis* (Dkt. 9). However, the Court has
16 | declined to serve either of Plaintiff's Complaints because the Court has identified deficiencies
17 | that preclude Plaintiff's recovery for his allegations as stated. *See* Dkts. 4, 9. As such, there is no
18 | case or controversy yet before the Court and the Court does not have jurisdiction to enter any
19 | orders against the Defendants named in the Complaint. *See*, *e.g.*, *Carroll v. Gricewich*, Case No.
20 | 1:07-cv-00070-AWI-NEW (DLB) PC, 2007 WL 70320 at *1 (E.D. Cal. 2007). The Court cannot
21 | consider a motion for preliminary injunction until such time as the Court finds his Complaint
22 | contains cognizable claims for relief and the named Defendants have been served with a
23 | summons and complaint.

24 |

1       Therefore, Plaintiff's Motion (Dkt. 17) is premature and the Court recommends it be
2 denied without prejudice.

3       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
5 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
6 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
7 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
8 August 10, 2018, as noted in the caption.

10       Dated this 20th day of July, 2018.

                                                                 David W. Christel
                                                                 United States Magistrate Judge