UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL PALMER,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. 3:18-CV-05262-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: July 26, 2019

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendant State of Washington's Motion to Dismiss for Failure to State a Claim ("Motion"), filed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[1] Dkt. 65.

The Court finds Plaintiff has failed to state a claim upon which relief can be granted in the Third Amended Complaint against Defendant State of Washington ("the State"). Therefore,

---

[1] Also pending in this action are four motions for summary judgment, three of which other defendants filed and one which Plaintiff filed. *See* Dkt. 69, 74, 76, 88. As these motions come ready August 2, 2019, the Court will address these motions in a separately filed report and recommendation. *See* Dkt. 86.

REPORT AND RECOMMENDATION - 1

1  the Court recommends the Motion (Dkt. 65) be granted and all claims against the State be
2  dismissed.

### I.  Background

4  Plaintiff, who is currently housed at Monroe Correctional Complex, filed this action for acts that allegedly violated his rights while he was housed at Grays Harbor County. *See* Dkt. 39. Based on the allegations in the Third Amended Complaint, Plaintiff appears to have been a pretrial detainee at Grays Harbor County Jail at all relevant times. *See, e.g.*, *id.* at pp. 3, 18-19. Plaintiff alleges his right to access the courts was violated contrary to the First, Sixth, Eighth, and Fourteenth Amendments; the Americans with Disabilities Act ("ADA"); and the Rehabilitation Act of 1973. *See id.* at p. 3; *see also generally id.* Plaintiff further alleges he was denied medical care in violation of the First, Sixth, Thirteenth, and Fourteenth Amendments; the ADA; the Rehabilitation Act of 1973, and the Religion Land Use and Institutionalized Persons Act ("RLUIPA"). *See id.* at p. 3; *see also generally id.* Plaintiff seeks monetary damages of more than $3 million for the alleged violations. *Id.* at p. 4.

On May 24, 2019, the State filed the Motion. Dkt. 65. Plaintiff filed a Response to the Motion on Jun 17, 2019, and on June 21, 2019, the State filed a Reply. Dkt. 72, 75.

### II.  Standard of Review

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

**III.   Discussion**

The State argues that Plaintiff's constitutional claims against it fail because the State is not subject to suit under 42 U.S.C. § 1983. Dkt. 65, pp. 3-4. The State also maintains Plaintiff failed to adequately plead claims against the State under the ADA or Rehabilitation Act. *See id.* at pp. 4-5; Dkt. 75, pp. 4-6. Lastly, the Court finds Plaintiff failed to state a RLUIPA claim against the State.

1     A.    <u>§1983 Claims</u>

2     Plaintiff alleges he was denied the right to access the courts contrary to the First, Sixth, Eighth, and Fourteenth Amendments. Dkt. 39, pp. 3, 6-20. Furthermore, Plaintiff alleges he was denied adequate medical care in violation of the First, Sixth, Thirteenth, and Fourteenth Amendments. *Id.* at pp. 3, 19-28.

Section 1983 applies to the actions of "persons" acting under the color of state law. For the purposes of a § 1983 action, a state is not a "person." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Accordingly, to the extent Plaintiff alleges the State violated his constitutional rights, the State cannot be named as a defendant on Plaintiff's § 1983 claims. The Court therefore recommends any claims of constitutional violations pursuant to § 1983 against the State be dismissed.

    B.    <u>Americans with Disabilities Act and Rehabilitation Act</u>

Plaintiff alleges the State violated his rights under the ADA and Rehabilitation Act in two ways: first, by impeding his access to courts, and second, by denying him adequate medical care. *See* Dkt. 39, p. 3; *see also generally id.*

"To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by

1 reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002);

2 *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g*

3 (Oct. 11, 2001); 42 U.S.C. § 12132. Moreover, because the elements of ADA and Rehabilitation

4 Act claims "do not differ in any respect relevant to the resolution of this [this case]," the claims

5 can be addressed together. *See Duvall*, 260 F.3d at 1135-36.

6      "A public entity may be liable for damages under Title II of the ADA or § 504 of the

7 Rehabilitation Act 'if it intentionally or with deliberate indifference fails to provide meaningful

8 access or reasonable accommodation to disabled persons.'" *Updike v. Multnomah Cty.*, 870 F.3d

9 939, 950-51 (9th Cir. 2017) (quoting *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008)).

10 Deliberate indifference requires: (1) "knowledge that a harm to a federally protected right is

11 substantially likely, and" (2) "a failure to act upon that the (sic) likelihood." *Duvall*, 260 F.3d at

12 1139.

13      First, Plaintiff alleges the State denied him access to the courts in violation of his rights

14 under the ADA and the Rehabilitation Act. *See* Dkt. 39, pp. 3, 15-19, 20, 27. Specifically,

15 Plaintiff alleges he previously suffered "an on the job injury to his right shoulder and arm" such

16 that he "can no longer close" his right hand and has damage to his pointer finger and index

17 finger. *Id.* at p. 16. Plaintiff alleges the Grays Harbor County Jail "had a policy that access to the

18 courts was available by 'writing' letters to the court and [attorneys] and that legal copies could

19 be made with pen and paper." *Id.* Plaintiff alleges that, despite jail staff and "agent[s]" for the

20 State being "aware" of his disability, they failed to provide him "accommodations," such as

21 "shoulder and hand braces, computer access with talk and type, and a decent chair to support

22 back and shoulder." *Id.* at pp. 17-18, 27. Plaintiff maintains that without those accommodations,

23 he "suffered extensive shoulder and hand pain[,] substantive delays in 'writing' to access the

24

1  court," and was unable to meet court deadlines because he "had to stop at regular intervals to let
2  the pain subside." *See id.* at pp. 17, 20.

3  Even assuming Plaintiff adequately pleaded he is a qualified individual with a disability,
4  his access to court allegations against the State fail to meet the other elements of an ADA or
5  Rehabilitation Act claim. Liberally construing Plaintiff's access to courts allegations, Plaintiff
6  has failed to identify any services, programs, or activities the State excluded Plaintiff from, or
7  denied him access to, as a result of a disability. For example, though Plaintiff alleges he suffered
8  "delays" and missed deadlines because he had to hand-write letters to the court, these bald
9  assertions fail to show he was denied access to the courts. Rather, Plaintiff's allegations indicate
10 he would have preferred hand and shoulder braces, and access to software and a particular chair,
11 while preparing his legal pleadings. *See id.* at pp. 17-18. Additionally, Plaintiff failed to allege
12 any purported exclusion or denial occurred by reason of a disability.

13 As Plaintiff failed to identify any service, program, or activity he was excluded from or
14 denied access to because of a disability, he has failed to state a claim of disability discrimination
15 against the State under the ADA or the Rehabilitation Act. *See, e.g.*, *Hockaday v. Colorado*
16 *Dep't of Corr.*, 766 Fed. Appx. 572, 575 (10th Cir. 2019) (affirming dismissal of a complaint
17 where the plaintiff alleged the prison failed to provide medically necessary devices but "did not
18 identify any services, programs, or activities he was denied as a result of not having these
19 accommodations"); *Belton v. Miranda-Mares*, 2017 WL 10574067, at *5 (C.D. Cal. Mar. 27,
20 2017) (dismissing ADA claims where "it is not clear from the Complaint from what
21 [correctional] service, program or activity he was denied or excluded, or how he was otherwise
22 discriminated against on the basis of his disability").

23
24

Plaintiff also fails to provide any factual allegations showing the State intentionally or with deliberate indifference failed to provide Plaintiff with a reasonable accommodation. Plaintiff broadly alleges staff at Grays Harbor County were "aware" of his disability. Dkt. 39, pp. 17-18. Even assuming these staff member's knowledge can be imputed to the State, the conclusory nature of this allegation fails to show the State had the requisite knowledge for a reasonable accommodations claim. Likewise, Plaintiff alleges he "made a motion for ADA accommodations to the Grays Harbor County Superior Court[.]" *Id.* at p. 18. While Plaintiff contends this motion put the State "on notice" about his disability, the Third Amended Complaint lacks information about the contents of the motion sufficient to show the State intentionally or with deliberate indifference failed to provide him with any reasonable accommodation. *See Manning v. Quick*, 2017 WL 3034624, at *6 (D. Colo. July 18, 2017) (plaintiff's allegation "that she was forced to climb stairs. . . . without an allegation of a discriminatory motive, and without a showing that she was denied access to prison programs, does not state an ADA claim"); *see also* Sims v. Clarke, 2019 WL 1447484, at *5 (W.D. Va. Mar. 31, 2019) (dismissing ADA claims where plaintiff did not allege "defendants' denial of a prosthetic leg or a larger cell was the denial of a prison service, program, or activity or that the denial of these things was based on his disability").

As conclusory allegations are not sufficient to state a claim, Plaintiff has failed to state an ADA or Rehabilitation Act claim against the State on his access to courts claim. *See Iqbal*, 556 U.S. at 678 (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action will not" state a claim).

1       Second, Plaintiff alleges the State denied him medical care in violation of the ADA by

2 denying him "aids to support his disabilities" for use in the Grays Harbor County Jail outdoor

3 recreational area. Dkt. 39, pp. 3, 19, 27-28. On his medical claim, Plaintiff alleges the "only form

4 of treatment" his cardiologists approved to treat his medical conditions was "walking on level

5 ground," and the only space at Grays Harbor County Jail for Plaintiff to do this was the outdoor

6 recreational area. *Id.* at p. 25. Plaintiff alleges that while in the outdoor recreational area in April

7 of 2017, he "suffered a lot of hand and foot pain due to the cold affecting his disabled arm, hand,

8 and [a] formerly frost bitten foot." *Id.* He alleges he asked staff at Grays Harbor County Jail for

9 socks, braces, and a blanket for use in the recreational area, but they failed to provide him with

10 these items. *Id.* at pp. 25-26. Plaintiff alleges they advised him these items were available in the

11 commissary, but he "had no money to purchase them." *Id.* at p. 25. Thus, liberally construing this

12 claim against the State, Plaintiff appears to allege he was denied the ability to follow his

13 cardiologists' recommended medical treatment because he did not receive requested items for

14 use in the outdoor recreational area.

15       Even assuming Plaintiff adequately alleged he is a qualified individual with a disability,

16 his ADA and Rehabilitation Act claims against the State about inadequate medical care fail in

17 several respects. As an initial matter, the Court notes "[t]he ADA prohibits discrimination

18 because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cty., Ariz.*, 609

19 F.3d 1011, 1022 (9th Cir. 2010) (citation omitted), *overruled on other grounds as stated by*

20 *Horton v. City of Santa Maria*, 915 F.3d 592, 599 (9th Cir. 2019). Hence, Plaintiff's allegations

21 about inadequate medical care are not actionable under the ADA. *See id.*

22       Further, to the extent Plaintiff attempts to bring non-medical claims against the State

23 about his access in the outdoor recreational area, these claims fail, too. Plaintiff failed to identify

24

REPORT AND RECOMMENDATION - 8

1 any service, program, or activity he was excluded from, or denied access to, because of a
2 disability. Plaintiff allegations against the State indicate, at most, that he requested items to
3 enhance his ability to be in the recreational area, but was denied these items. Plaintiff's bald
4 assertions do not show he was unable to access the outdoor recreational area without these items.
5 Moreover, Plaintiff failed to allege any exclusion or denial occurred because of a disability.

6 Similarly, Plaintiff failed to provide any allegations showing the State intentionally or
7 with deliberate indifference failed to provide Plaintiff with a reasonable accommodation. Even
8 assuming any request to jail staff can be imputed to the State, Plaintiff's allegations state he
9 requested, and was denied, particular items. *See* Dkt. 39, pp. 25-26. These conclusory allegations
10 do not show the State had knowledge that a harm to a federally protected right was substantially
11 likely. *See id.* Given the lack of allegations showing Plaintiff was excluded from or denied any
12 service, program because of a disability, and given the lack allegations supporting a reasonable
13 accommodations claim, Plaintiff failed to state a claim against the State under the ADA or
14 Rehabilitation Act. *See Parks v. California*, 2006 WL 3097965, at *10 (E.D. Cal. Oct. 31, 2006)
15 (dismissing ADA and Rehabilitation Act claims where Plaintiff did not show "he was excluded
16 from participation in or otherwise discriminated against with regard to state services, programs,
17 or activities and that such exclusion or discrimination was by reason of his disability").

18 In conclusion, the Court finds Plaintiff has failed to state a claim for which relief can be
19 granted against the State as to the ADA and Rehabilitation Act claims. Accordingly, the Motion
20 should be granted as to Plaintiff's ADA and Rehabilitation Act claims against the State.

1       C.      <u>Religious Land Use and Institutionalized Persons Act</u>

2       Plaintiff also alleges the State violated his religious rights under RLUIPA. *See* Dkt. 39.

3 The Court finds, however, Plaintiff has failed to state a claim pursuant to RLUIPA.

4       The Supreme Court has expressly held a plaintiff cannot recover monetary damages

5 under RLUIPA. *See Sossamon v. Texas*, 563 U.S. 277, 288 (2011); *Holley v. California Dept. fo*

6 *Corrections*, 599 F.3d 1108, 1113 (9th Cir. 2010) ("[In RLUIPA], [t]he phrase 'appropriate

7 relief' alone does not trump sovereign immunity to make monetary relief available[.]"). In this

8 case, Plaintiff seeks only monetary damages. Dkt. 39, p. 4. As Plaintiff cannot recover monetary

9 damages pursuant to RLUIPA, he has failed to state a claim, and his RLUIPA claim against the

10 State should be dismissed.

11    **IV.**    **Leave to Amend**

12       The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must

13 have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they

14 cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

15 The Court finds Plaintiff has failed to allege facts sufficient to show the State violated his

16 constitutional rights, his rights under the ADA or Rehabilitation Act, or that he is entitled to the

17 relief sought under RLUIPA. The Court provided Plaintiff with the legal standards for these

18 claims and placed Plaintiff on notice of the deficiencies of the claims alleged against the State.

19 *See* Dkt. 4, 12, 30.

20       As Plaintiff has been given leave to amend and has been instructed regarding the

21 deficiencies of his claims against the State, the Court recommends Plaintiff not be given leave to

22 amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 Fed. Appx. 956, 959 (9th

23 Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to

24

amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### V. Conclusion

For the foregoing reasons, the Court recommends the State of Washington's Motion to Dismiss (Dkt. 65) be granted, and all claims against the State be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* FED. R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for consideration on July 26, 2019, as noted in the caption.

Dated this 11th day of July, 2019.

David W. Christel
United States Magistrate Judge