# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MICHAEL PALMER,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. 18-cv-5262 BHS-DWC

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS THE STATE AND JUSTIN GASPER WITHOUT PREJUDICE AND DECLINING TO ADOPT REPORT AND RECOMMENDATION AS MOOT

This matter comes before the Court on Plaintiff Michael Palmer's ("Palmer") unopposed motion for voluntary dismissal of claims against two defendants. Dkt. 94. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. BACKGROUND**

Palmer initiated this civil rights action pro se on March 30, 2018. Dkt. 1. Palmer alleges multiple violations related to his detention at Grays Harbor County Jail while he awaited trial on criminal charges there in 2017. *See* Dkt. 1-1. Palmer also makes allegations related to the conditions of his confinement. *Id.* Relevant to the instant motion, Palmer sued Defendants the State of Washington ("State") and "Nurse Justin"

("Dr. Gasper") (collectively "Defendants"), as well as several people and institutions connected to Grays Harbor County.[1]

On March 29, 2019, Judge Christel directed service of Palmer's amended complaint to Defendants. Dkt. 40.

On May 24, 2019, the State moved to dismiss Palmer's claims with prejudice. Dkt. 65.

On July 11, 2019, Dr. Gasper moved for summary judgment of dismissal with prejudice. Dkt. 88. Also on July 11, 2019, Judge Christel issued a report and recommendation ("R&R") recommending that the Court dismiss Palmer's claims against the State with prejudice.[2] Dkt. 91. Accommodating the time limit for objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Judge Christel set the R&R for consideration on this Court's July 26, 2019 calendar. *Id.* at 11.

On July 16, 2019, Palmer filed the instant motion requesting that the Court "dismiss my claims against the State of Washington and Justin Gasper without prejudice so that they can be litigated in the proper jurisdiction." Dkt. 94 at 1. Neither the State nor Dr. Gasper responded.[3]

---

[1] The person Palmer identifies as "Nurse Justin" is Defendant Justin Gasper, M.D. Dkt. 88. Dr. Gasper was a medical student rotating through the Grays Harbor County Jail under the supervision of a medical doctor during the time of Palmer's incarceration. *Id.*

[2] The R&R does not specify whether the recommended dismissal is with or without prejudice. *See, e.g.*, Dkt. 91 at 2, 10. However, it concludes that Palmer should not be granted leave to amend his claims against the State. *Id.* at 10–11. Therefore, the Court construes the R&R to recommend dismissal of the claims against the State with prejudice.

[3] Dr. Gasper did reference Palmer's motion in a footnote of his reply to his own summary judgment motion, *see* Dkt. 99 at 2 n.1, a fact the Court discusses below.

## II.  DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order before a party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1). However, Rule 41(a)(2) "allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)).

In this case, neither the State nor Dr. Gasper filed an answer. However, Palmer moved for dismissal without prejudice after Dr. Gasper moved for summary judgment. Dkts. 88, 94. Thus, a court order is required for Palmer to dismiss his claims against Dr. Gasper. Fed. R. Civ. P. 41(a)(1)–(2).

Regarding the State, Palmer moved for dismissal without prejudice after Judge Christel issued the R&R recommending that claims against the State be dismissed with prejudice. Dkts. 88, 91. The undersigned has not yet ruled on the R&R. Thus, Palmer may technically obtain dismissal of those claims without a court order under Rule 41(a)(1) because the State filed a motion to dismiss, rather than an answer or a summary judgment motion. However, given the outstanding R&R and because Palmer filed a motion as opposed to a notice of dismissal, the Court will also examine whether voluntary dismissal of Palmer's claims against the State is appropriate on the merits.

In the Ninth Circuit, a district court should grant a motion for voluntary dismissal unless the defendant can show it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145–46 (9th Cir. 1982). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Zanowick*, 850 F.3d at 1093 (citing *Westlands Water Dist.*, 100 F.3d at 97)).

In this case, and at this late stage in the litigation, it is likely that both the State and Dr. Gasper object to dismissal of Palmer's claims without prejudice. However, neither Defendant opposed Palmer's motion. While a motion for voluntary dismissal is left to the sound discretion of the district court, *see Westlands Water Dist.*, 100 F.3d at 96, courts should grant dismissal unless the defendant has shown the existence of at least some plain legal prejudice. *Lenches*, 263 F.3d at 975 (citing *Waller*, 828 F.2d at 583)). Moreover, under local rule, the Court may consider a failure to respond to a motion as an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2). Here, the State and Dr. Gasper each failed to individually respond to Palmer's motion. Therefore, both Defendants fail to demonstrate the existence of plain legal prejudice.

Dr. Gasper raises one argument in a footnote in the reply to his motion for summary judgment that could be construed as applicable to this motion. In that footnote, which details how Palmer failed to respond to Dr. Gasper's summary judgment motion, Dr. Gasper asserts as follows:

> Instead of filing a timely Response, plaintiff filed a Motion to Dismiss his "42 U.S.C. § 1983" claims against all defendants without prejudice, ambiguously based on his presumption that jurisdiction is inappropriate (Dkt. #94). It appears plaintiff mistakenly alleges inapplicable and new claims that Dr. Gasper violated the Americans with Disabilities Act ("ADA") and the Civil Rights Act, 42 U.S.C. § 1983. These claims were not originally plead against Dr. Gasper and are inappropriate based on plaintiff's sole allegation (that could be reasonably discerned) that Dr. Gasper did not provide "accepted medical care." Regardless, plaintiff failed to comply with LCR 7(b)(1) which states: "All motions shall include in the caption (immediately below the title of the motion) the date the motion is to be noted for consideration upon the court's motion calendar." There is no noting date for plaintiff's Motion, and thus Dr. Gasper has no guidance as to when any Response to this Motion would be due.

Dkt. 99 at 2 n.1. It is true that Palmer, an incarcerated prisoner who is proceeding pro se, did not comply with local rule when he failed to include a noting date in the caption of his motion for voluntary dismissal. *See* Dkt. 94; *see also* Local Rules W.D. Wash. LCR 7(b)(1). However, a clerk of this Court correctly noted the motion for August 9, 2019—a customary practice when a motion is filed without a noting date—and annotated the motion's docket entry to so indicate. *See* Dkt. 94. Moreover, the reply (to a separate motion) in which Dr. Gasper asserted that he had "no guidance as to when any Response to this Motion would be due" was filed 15 days after the clerk had noted the motion. *Compare* Dkt. 94 (filed July 16, 2019 and assigned a noting date on July 18, 2019) *with* Dkt. 99 (filed August 2, 2019). Dr. Gasper may not hide behind formatting technicalities to avoid responding to Palmer's motion.

Dr. Gasper also asserts that Palmer "mistakenly alleges inapplicable and new claims that Dr. Gasper violated the Americans with Disabilities Act ("ADA") and the

Civil Rights Act, 42 U.S.C. § 1983." Dkt. 99 at 2 n.1. Dr. Gasper indicates that Palmer's sole claim against him is for failing to provide accepted medical care. *Id.*

First, although Palmer's ADA claim is admittedly confusing, context supports a conclusion that Palmer brings that claim against the State. *See* Dkt. 94 at 7 ("However, as I am agreeing to the dismissal, without prejudice, of the State of Washington as a defendant it seems moot to argue the issue of [ADA] herein."). And, while it does appear that Palmer would expand his ADA claim to include Dr. Gasper if he is allowed to refile in state court, *see id.* ("We also now have a State actor"), Dr. Gasper is not prejudiced by this Court's dismissal of claims that Palmer never pled against him here.

Second, as Dr. Gasper's motion for summary judgment indicates, Palmer's allegations against him "surround whether Dr. Gasper either instituted or facilitated a diet that plaintiff believes 'fell below generally accepted medical standards.'" Dkt. 88 at 2. Although Dr. Gasper characterizes this allegation as a state law tort claim for medical negligence, he also explicitly acknowledges in the motion that Palmer may be claiming that he violated Palmer's constitutional rights with regard to the medical care he received at Grays Harbor County Jail. *Id.*; *see also* Dkt. 69. Moreover, Dr. Gasper joined other defendants' summary judgment motions requesting dismissal with prejudice of Palmer's § 1983 claims. *Id.* The Court therefore concludes that Dr. Gasper was on notice that Palmer brought § 1983 claims against him despite the pleading's imprecision.

Palmer's motion to dismiss makes clear that he seeks to proceed against the State and Dr. Gasper in state court on a theory that Dr. Gasper, who was a medical student at the University of Washington when he cared for Palmer at the Grays Harbor County Jail,

is a state actor for purposes of § 1983. Dkt. 94. Because Dr. Gasper was on notice that Palmer brought § 1983 claims against him, he could have and should have opposed Palmer's motion to avoid voluntary dismissal of those claims before summary judgment.

Dr. Gasper's motion for summary judgment for dismissal with prejudice is now ripe for consideration. Dkt. 88. The State has succeeded in obtaining a recommendation from Judge Christel for dismissal with prejudice. Dkt. 91. Had either Defendant opposed Palmer's motion to dismiss, legal prejudice likely could have been demonstrated. But regardless of the likelihood of success of Palmer's theories in state court, the issue before this Court is whether his *existing* claims—against Dr. Gasper and against the State—should be voluntarily dismissed at his request. Absent a showing of legal prejudice, courts should grant a plaintiff's motion for voluntary dismissal. *Lenches*, 263 F.3d at 975 (citing *Waller*, 828 F.2d at 583)). Defendants have made no such showing. Therefore, Palmer's motion to dismiss without prejudice is granted.

## III. ORDER

Therefore, it is hereby **ORDERED** that Palmer's motion to dismiss claims against the State and Dr. Gasper without prejudice, Dkt. 94, is **GRANTED;** the State's motion to dismiss, Dkt. 65, and Dr. Gasper's motion for summary judgment, Dkt. 88, are **DENIED as moot;** and the R&R, Dkt. 91, is **DECLINED as moot.** The Clerk shall terminate the State and Dr. Gasper, but no other defendant, from the case.

Dated this 20th day of August, 2019.

BENJAMIN H. SETTLE
United States District Judge