UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Michael Palmer,

                Plaintiff,

v.

State of Washington et al.,

                Defendants.

CASE NO. 3:18-cv-05262-BHS-DWC

ORDER

Before the Court are Plaintiff's: (1) "Motion to Request the Appointment of Counsel" ("Motion to Appoint Counsel") (Dkt. 95) and (2) "Reply to Defendants and Cross Motion to Sever on Plaintiff's Claims Concerning Access to the Courts". Dkt. 96. Although not specifically characterized as such, the Court interprets Plaintiff's Reply as a "Reply and a Motion to Amend" as Plaintiff seeks to amend his complaint by "severing" portions of his claims for denial of access to the courts.[1] The Clerk is also directed to note Docket 96 as a pending motion.

---

[1] Plaintiff also references amending his Amended Complaint in the Motion to Appoint Counsel, acknowledging portions of his access to courts claims are not actionable. Dkt. 95 at 4. Plaintiff states he "will be submitting a motion to sever and/or amend his complaint so as to separate the criminal claims from the civil action claims." Dkt. 95 at 5.

After review of the Motions and relevant record, Plaintiff's Motion to Appoint Counsel (Dkt. 95) is denied without prejudice. The Court also denies Plaintiff's Motion to Amend (Dkt. 96) without prejudice. Plaintiff may re-file a motion to amend and proposed amended complaint on or before September 27, 2019.

**A. Motion to Appoint Counsel (Dkt. 95)**

For the fourth time, Plaintiff requests appointment of counsel. Dkt. 95. *See also* Dkts. 14, 18, 19, 21, 25. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff contends he has a limited ability to present his case because he needs testimony from other witnesses, proceeding *pro se* presents a "massive handicap" in front of a jury, his case presents complex legal issues, and he has been transferred to different prison facilities which has resulted in denial of access to his legal files and the phone. Dkt. 95 at 25.

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, Plaintiff has adequately articulated his claims in the numerous motions and pleadings and responded to the motions filed by Defendants. *See e.g.* Dkts. 65-95. Plaintiff's filings include legal citations and analysis, which demonstrate his ability to conduct extensive research and analyze the applicable law. *See id.* Plaintiff has not shown he is likely to succeed on the merits of his case. Further, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. 95) is denied without prejudice.

**B. Motion to Amend (Dkt. 96)**

Plaintiff moves for the Court to amend his access of courts claims. Dkt. 96 at 1-2. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) *Amending as a Matter of Course*
A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Defendants filed an Answer on May 22, 2019. Dkt. 63. Thus, the time has expired for filing an amendment as a matter of course and Plaintiff cannot amend pursuant to Rule 15(a)(1).

Further, Defendants have not provided written consent allowing Plaintiff to amend. Thus, to amend the Complaint, Plaintiff must have the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Under Local Civil Rule 15, "[a] party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation." Here, Plaintiff did not attach the proposed amended complaint. As such, Plaintiff has not complied with the Local Rules. Furthermore, without the proposed amended complaint, the Court is unable to consider if leave to amend should be given in light of the four factors described above. Therefore, the Motion to Amend (Dkt. 96) is denied without prejudice. If Plaintiff still wishes to amend his Amended Complaint (Dkt. 39), he may file another motion to amend with an attached proposed amended complaint on or before September 27, 2019.

The proposed amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Amended Complaint (Dkt. 39) by reference. The proposed amended complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Plaintiff fails to file a motion to amend and proposed amended complaint on or before September 27, 2019, this case will proceed on the Amended Complaint (Dkt. 39).

**C. Conclusion**

For the above stated reasons, Plaintiff's Motion to Appoint Counsel (Dkt. 95) is denied without prejudice. The Court also denies Plaintiff's Motion to Amend (Dkt. 96) without prejudice. However, Plaintiff shall have until September 27, 2019 to file another motion to amend and proposed amended complaint.

The Clerk is directed to provide Plaintiff with the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is also directed to re-note the pending Motions and Cross-Motion for Summary Judgment (Dkts. 69, 74, 76) for the Court's consideration on September 27, 2019.

Dated this 29th day of August, 2019.

_David W. Christel_
David W. Christel
United States Magistrate Judge