1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

Michael Palmer,

11

Plaintiff,

12

v.

13

State of Washington et al.,

14

Defendants.

CASE NO. 3:18-cv-05262-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: November 22, 2019

15    The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United

16 States Magistrate Judge David W. Christel. Before the Court are three Motions for Summary

17 Judgment (Dkts. 69, 74, 76) and Plaintiff's Motion to Continue or Dismiss Without Prejudice

18 ("the Motion"). (Dkt. 108). The Court recommends granting Plaintiff's request for voluntary

19 dismissal. Accordingly, Plaintiff's case should be dismissed without prejudice pursuant to

20 Federal Rule of Civil Procedure 41(a)(2) and the pending Motions for Summary Judgment (Dkts.

21 69, 74, 76) should be denied as moot.

22    BACKGROUND

23    Plaintiff, a former inmate at Grays Harbor County Jail, alleges civil rights violations

24 pursuant to 42 U.S.C. § 1983 based on the denial of access to the courts and adequate medical

care as a pretrial detainee. Dkt. 39. On June 14, 2019, Defendants Shin and "Nurse Sara" ("Defendant Lesman") moved for summary judgment. Dkt. 69. On June 17, 2019, Plaintiff filed a Motion for Summary Judgment and Response/Objection to Defendants Shin and Lesman's Motion for Summary Judgment. Dkt. 74. On July 8, 2019, Defendants Ancich, Buchanan, Byrd, Davis, Farrar, Grays Harbor County, Grays Harbor Sheriff, Grays Harbor County Sheriff's Correctional Facility, Grays Harbor County Sheriff's Department, Hoyt, Lusby, Morrissey, Parkin, and Peterson ("the County Defendants") filed a Cross-Motion for Summary Judgment and Response/Objection to Plaintiff's Motion for Summary Judgment. Dkt. 76. The County Defendants argued summary judgment was appropriate, in part, because Plaintiff's claims were barred under the *Heck* doctrine. Dkt. 15 at 14-15 (citing *Heck v. Humphrey,* 512 U.S. 477 (1994) (no claim for damages for an allegedly unconstitutional conviction or imprisonment without showing that the conviction or sentence has been overturned in some way)).[1] Plaintiff filed several briefs in opposition. Dkts. 96, 97, 104. The County Defendants filed a Reply. Dkt. 98.

On August 29, 2019, the Court interpreted Plaintiff's Reply to Defendants and Cross Motion to Sever on Plaintiff's Claims Concerning Access to the Courts (Dkt. 96) as a Motion to Amend. Dkt. 107. The Court denied Plaintiff's Motion to Amend without prejudice but allowed Plaintiff until September 27, 2019 to file another motion to amend and proposed amended complaint. Dkt. 107. Plaintiff did not file a motion to amend or proposed amended complaint, and instead, on September 12, 2019, Plaintiff filed the Motion. Dkt. 108. Plaintiff seeks a stay of this case until March 2020 while his state court appeal is pending or a dismissal without prejudice. Dkt. 108. Defendants filed responses, objecting to Plaintiff's Motion. Dkts. 110, 111.

---

[1] The County Defendants and Defendants Shin and Lesman are the only remaining Defendants in this matter. *See* Dkt.

DISCUSSION

Plaintiff now moves for voluntary dismissal of his lawsuit without prejudice on grounds that his alleged injuries would attack his underlying criminal conviction, and therefore, are barred under the *Heck* doctrine. Dkt. 108; *See also Heck*, 512 U.S. 477. Plaintiff contends he is in the process of preparing a brief for his direct appeal in state court for his criminal conviction, which is due in November. Dkt. 108 at 3. In the alternative, Plaintiff seeks a stay of this case until March 2020. *Id.*

The County Defendants oppose Plaintiff's Motion on grounds that Plaintiff has not satisfied any of the factors for a stay, and Plaintiff's failure to file a motion to amend and proposed amended complaint by the Court's deadline provides further grounds to dismiss the case with prejudice. Dkt. 110. Defendants Shin and Lesman oppose Plaintiff's Motion on the basis that Plaintiff's claims against them do not call into question the lawfulness of Plaintiff's confinement under the *Heck* doctrine, and Plaintiff has not demonstrated a stay is justified or appropriate. Dkt. 111.

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). However, if the defendant has filed an answer or a summary judgment motion, "an action may be dismissed at the plaintiff's request only by court order, on the terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

1    "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless

2    a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*,

3    163 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th

4    Cir. 1987)) (footnote omitted). The Ninth Circuit has clarified legal prejudice means "prejudice

5    to some legal interest, some legal claim, [or] some legal argument." *Smith,* 263 F.3d at 976

6    (quoting *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996)); *see also WPP*

7    *Luxembourg Gamma Three Sarl v. Sport Runner, Inc.,* 655 F.3d 1039, 1059 (9th Cir. 2011).

8    "Uncertainty because a dispute remains unresolved" or because "the threat of future litigation ...

9    causes uncertainty" does not result in plain legal prejudice. *Smith,* 263 F.3d at 976. Moreover,

10    plain legal prejudice does not result merely because the defendant will be inconvenienced by

11    having to defend in another forum or where a plaintiff would gain a tactical advantage by that

12    dismissal. *Hamilton Firestone Tire & Rubber Co., Inc.,* 679 F.2d 143, 145-46 (9th Cir. 1982).

13    Nor is plain legal prejudice established by showing a defendant has already begun trial

14    preparations. *Id.*

15        Here, the County Defendants contend Plaintiff has not met the requirements for a stay,

16    but do not establish how they will be subject to "plain legal prejudice" required to avoid

17    dismissal. *Smith,* 263 F.3d at 976. Similarly, Defendants Shin and Lesman argue the claims

18    against them are not subject to dismissal under *Heck* but offer no reasons why they will suffer

19    legal prejudice. Dkt. 111. For example, Defendants argue they have identified independent

20    reasons for seeking summary judgment and dismissing this case, outside of the *Heck* doctrine.

21    Dkts. 110, 111. The County Defendants argue they would be "substantially injured" by a stay,

22    because it would prolong this litigation and delay the Court's consideration of their Cross-

23    Motion for Summary Judgment. Dkt. 110 at 4. However, a similar rationale has been rejected by

24

REPORT AND RECOMMENDATION - 4

1    the Ninth Circuit as a basis to avoid voluntary dismissal. *See Smith,* 263 F.3d at 975-76

2    (Forestalling any speculative similar lawsuit in the future does not establish "plain legal

3    prejudice" required to avoid dismissal.); *See also In re Lowenschuss,* 67 F.3d 1394, 1400–01 (9th

4    Cir. 1995) (whether the defendants have already incurred substantial legal expenses does not

5    constitute sufficient prejudice or hardship to justify refusing a voluntary motion to dismiss). In

6    addition, the fact that Defendants' summary judgment will be mooted by dismissal has also been

7    found not to constitute legal prejudice for purposes of Rule 41(a). *Edstrom v. NDEX West,* LLC,

8    2012 WL 4092420 at *2 (E.D. Cal. 2012); *Creative Labs, Inc. v. Orchid Technology,* 1997 WL

9    588923 (N.D. Cal. 1997) ("the pendency of defendants' motion for summary  judgment does not

10   establish a sufficient basis for denying plaintiff's request for voluntary dismissal"). *See also*

11   *Rowell v. Ewing Bros. Towing Co.,* 471 Fed. Appx. 597, 599 (9th Cir. 2012) (vacating judgment

12   as to *Heck*-barred claims and remanding with instructions to district court to dismiss  such claims

13   without prejudice "because claims barred by *Heck* should be dismissed without prejudice")

14   (citing *Trimble v. City of Santa Rosa,* 49 F.3d 583, 555 (9th Cir. 1995) (per curiam)).

15           Accordingly, none of the arguments presented in opposition to Plaintiff's Motion

16   demonstrate Defendants will suffer any plain legal prejudice as a result of voluntary dismissal of

17   this matter. The Court recommends granting Plaintiff's request to dismiss this action without

18   prejudice (Dkt. 108).[2]

19

20

21

22

23           [2] To the extent Plaintiff requests he still be entitled to conduct discovery in this case, Plaintiff is not
     permitted to conduct discovery once the case has been dismissed without prejudice and closed. Because the Court
     recommends the action be dismissed without prejudice, it is not necessary to consider Plaintiff's alternative

24   argument the case should be stayed until March 2020. *See* Dkt. 108.

**CONCLUSION**

For the foregoing reasons, the Court recommends Plaintiff's case be dismissed without prejudice and the pending Motions for Summary Judgment (Dkts. 69, 74, 76) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 22, 2019 as noted in the caption.

Dated this 28th day of October, 2019.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6